Dear Representative Skaggs:
You have submitted the following question to this office for response:
Do the provisions of Conference Committee Substitute for House Committee Substitute for Senate Bill 30, passed during the first regular session of the 94th General Assembly, apply to self-storage facilities as defined in Section 415.405(11)[1], RSMo?
In particular, your question relates to newly enacted Section137.092.2, which requires that:
For all calendar years beginning on or after January 1, 2008, every owner of a rental or leasing facility shall, by January thirtieth of each year, furnish the assessor of the county . . . a list of the personal property located at the rental or leasing facility on January first of each year.
The basic principle of statutory construction was stated by the Supreme Court of Missouri in Bachtel v. Miller County Nursing Home Dist., 110 S.W.3d 799, 801 (Mo. banc 2003):
In construing statutes, a court ascertains the intent of the legislature from the language used and gives effect to that intent [citation omitted]. The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other [citations omitted]. Insight into the legislature's object can be gained by identifying the problems sought to be remedied and the circumstances and conditions existing at the time of the enactment.
The clear intent of the new legislation is to assist county assessors in locating certain items of personal property by requiring certain rental or leasing facilities to provide the assessor with information about the location of such property, to aid in the assessment process. Both "personal property" and "rental or leasing facility" are narrowly defined. "Personal property" is defined in Section 137.092.1(1) as "any house trailer, manufactured home, boat, vessel, floating home, floating structure, airplane, or aircraft." "Rental or leasing facility" is defined in Section 137.092.1(2) as "any manufactured home park, manufactured home storage facility, marina or comparable facility providing dockage or storage space, or any hangar or similar aircraft storage facility." Your question relates to self-storage facilities, which could qualify as a "rental or leasing facility" subject to the provisions of this statute only if they are included in the phrase "marina or comparable facility providing dockage or storage space."
The term "marina" is not defined in the Revised Statutes. The American Heritage College Dictionary, Third Edition, defines a"marina" as "a boat basin that has docks, moorings, and other facilities for small boats." A fair reading of "comparable facility" would refer to some sort of facility specifically operated for the purpose of harboring or storing boats and watercraft. By analogy, the next clause in Section137.092.1(2) refers to "any hangar or similar aircraft storage facility" [emphasis added]. "The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other." Bachtel, supra at 801. From the fact that the legislature chose to define facilities comparable to "hangars" as those specifically dedicated to the storage of aircraft, we may infer that it also intended that the parallel clause referring to marinas was intended to apply to facilities specifically devoted to the storage of boats and watercraft — not self-storage facilities in general.
Other statutory provisions pertaining to self-storage facilities support this interpretation as well. Chapter 415, RSMo, dealing with warehouses and public storage facilities, defines self-storage facilities as a distinct subcategory of public warehouses. Section415.405(11) defines self-service storage facilities as "any real property used for renting or leasing individual storage spaces in which the occupants themselves customarily store and remove their own personal property on a self-service basis." Pursuant to Section 415.425, RSMo 2000, "the exclusive care, custody and control of all personal property stored in the leased self-service storage space remains vested in the occupant." Chapter 415 recognizes only two situations in which the operator of the facility may access the storage space:
The operator may "enter leased space at all times which are reasonably necessary to insure the protection and preservation of the self-service storage facility or any personal property stored therein," Section415.410.2; and
The operator may take possession of and sell property found in the leased space in order to enforce its lien in the event of a default in payment by the lessee for more than 30 days, Section 415.415.2.
If Section 137.092 is deemed to apply to self-service storage facilities, their operators would need some way to ascertain whether the closed spaces under the control of their customers contained property subject to the personal property tax. Presumably they would have to enter into the leased space to inventory the contents for boats or other items which would fall within the definition of Section 137.092.1(1), in effect creating an additional ground for entry into the space and access to the property which Section 415.425 declares to be under the exclusive care, custody, and control of the customer. Such a legislative intent cannot be inferred from the language of Section 137.092.
 CONCLUSION
A self-service storage facility as defined in Section 415.405(11) is not a "marina or comparable facility" under the definition of Section137.092.1(2) and thus is not subject to the reporting requirement of Section 137.092.2.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General
[1] Statutory references are to the 2007 Cumulative Supplement to the Revised Statutes of Missouri 2000, unless otherwise noted.